**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

LOUIS RICARDO BUTLER PETITIONER
ADC #108902

V. NO. 5:15cv00285-DPM-JTR

WENDY KELLEY, Director, RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Louis Ricardo Butler ("Butler"), an inmate in the Arkansas Department of Correction. *Doc. 1*. Before addressing Butler's habeas claims, the Court will review the procedural history of the case in state court.

In June 2010, a Pulaski County jury convicted Butler of first-degree unlawful

discharge of a firearm from a vehicle in the shooting death of William Whisenhunt.[1] Butler was sentenced, as a habitual offender, to life imprisonment, plus an additional 120 months for a firearm enhancement. *Doc. 1, at 31-33*.

On direct appeal, Butler argued that the trial court erred in refusing to instruct the jury on manslaughter, as a lesser-included-offense, based on theories of "imperfect self-defense" and "extreme emotional disturbance." *Doc. 9-1*. On September 22, 2011, the Arkansas Supreme Court rejected Butler's arguments and affirmed his conviction. *Butler v. State*, 2011 Ark. 369.

On December 8, 2011, Butler's retained counsel filed a Rule 37 Petition in Pulaski County Circuit Court. *Doc. 1, at 194-203*. According to this Petition, the attorney who represented Butler *on direct appeal* was ineffective for not raising the following claims: (1) the trial court erred in denying a pretrial motion to quash or set aside the indictment; and (2) the evidence at trial was insufficient to support Butler's conviction. The Rule 37 Petition was signed *only* by Butler's Rule 37 attorney. *Id. at 202*.

According to Butler, he received a copy of the Rule 37 Petition, after it was

[1]According to the record, there was evidence that: (1) on October 28, 2007, Butler was involved in a verbal altercation with Whisenhunt and others, as he left a tavern with his companion, Rodney Slater; (2) Butler got in his car with Slater, drove behind Whisenhunt's vehicle, and used his car to block Whisenhunt from leaving; (3) Whisenhunt, who was unarmed, approached Butler's car, reached inside, and threatened to "whip" Butler and Slater; and (4) Butler shot Whisenhunt in the chest and back. *See Butler v. State*, 2011 Ark. 369, at 2-3, 5; *see also Doc. 5* (trial transcript).

filed, and noticed "numerous errors," including his attorney's failure to raise all of the claims that he had discussed with her. Butler asked his father to contact his Rule 37 attorney about those "errors." *Doc. 13-1*.[2] Butler's father "visited" with his son's Rule 37 attorney. On December 14, 2011, she wrote Butler a letter addressing topics raised by Butler's father; explaining why she elected not to assert certain claims; and asking Butler to state in writing any other "issues or corrections." *Doc. 13-2, at 22*.

On December 30, 2011, Butler's Rule 37 attorney filed a Motion to Amend the Rule 37 Petition to correct "several scrivener's errors and typographical errors." *Doc. 13-3*. She provided Butler with a copy of the Motion to Amend. *See Doc. 13-1*. The trial court never directly ruled on this Motion.[3]

On January 12, 2012, Butler filed a *pro se* "Legal Notice by Written Communication" in his Rule 37 proceeding. *Doc. 13-2, at 1-21*.[4]

On January 31, 2012, Butler filed two more *pro se* papers in his Rule 37 proceeding: an "Affidavit of Fault"; and an "Affidavit of Non-Response." Both of

---

[2]In support of his federal habeas claims, Butler has submitted an "Affidavit of Truth" that explains his version of what took place in his Rule 37 proceeding. *Doc. 13-1*.

[3]Eighteen months later, on July 3, 2013, the trial court entered an Order denying Butler's Rule 37 Petition on procedural grounds. *Doc. 1, at 204-05.* In passing, the Court cryptically noted only that: "An amendment to the petition was filed December 30, 2011, to correct a clerical error." *Id. at 204*.

[4]In this "Legal Notice," Butler documented his perceived "concerns" about the way his attorney had drafted the Rule 37 Petition and alleged that she had "failed in [her] fiduciary duties." *Doc. 13-2, at 16-20.*

those documents complained about "fail[ure] to perform" by his Rule 37 attorney. *Docs. 13-5, 13-6*.

According to Butler, on March 5, 2012, he received a letter from his Rule 37 attorney asking him to "discontinue sending her material in the mail." *Doc. 13-1*.

On January 17, 2013, Butler filed a *pro se* "Supplement to Rule 37.1 Petition," raising new claims that his trial and direct-appeal attorneys were ineffective. *Doc. 13-8, at 1-8*. Butler's "Supplement" was accompanied by an attached "notarized verification,"[5] something that *was missing* from his Rule 37 Petition. *See* Ark. R. Crim. P. 37.1(c).[6]

On January 29, 2013, Butler wrote a letter to his Rule 37 attorney, stating that he was enclosing a "Supplement/Amendment," which he wanted her to file on his

---

[5]The affidavit for verification, executed by Butler before a notary public, stated: "The Petitioner, Louis Ricardo Butler, states under oath, that the foregoing Supplemental Petition for Post-Conviction Relief and the facts state[d] in the petition are true and correct to the best of my knowledge and belief." *Doc. 13-8, at 7*.

[6]Rule 37.1(c) provides:

> The petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the following form:
>
> AFFIDAVIT
>
> The petitioner states under oath that (he) (she) has read the foregoing petition for post-conviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.

behalf. *Doc. 13-9*.[7]

On July 3, 2013, the trial court entered an order dismissing Butler's Rule 37 Petition on procedural grounds. Specifically, the trial court held that, because Butler's Rule 37 Petition did *not* include the "notarized verification" *required* by Rule 37.1(c), his Rule 37 Petition must be dismissed. *Doc. 1, at 204-05*. Importantly, this ruling by the trial court was mandated by Rule 37.1(d), which states that: "The circuit court or any appellate court shall dismiss any [Rule 37] petition that fails to comply with subsection (c) of this rule."

Butler appealed to the Arkansas Supreme Court. *Doc. 9-4*. On September 18, 2014, the Court affirmed the trial court's denial of Rule 37 relief on procedural grounds:

> The order is affirmed on the ground that the petition was not verified in accordance with Arkansas Rule of Criminal Procedure 37.1(c). *See Slocum v. State*, 2014 Ark. 178 (per curiam); *see also Riley v. State*, 2010 Ark. 347 (per curiam) (citing *Nelson v.. State*, 363 Ark. 306, 213 S.W.3d 645 (2005) (per curiam)). Rule 37.1(c) provides a form of affidavit to be attached to the petition. The verification requirement for a petition for postconviction relief is of substantive importance to prevent perjury. *Stewart v. State*, 2014 Ark. 85 (per curiam); *Paige v. State*, 2013 Ark. 135 (per curiam). For that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification. *Paige*, 2013 Ark. 135; *Riley*, 2010 Ark. 347 (citing *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005) (per curiam)). In appellant's case, the Rule 37.1 petition was signed only by his attorney. We

[7]The record does not contain the "Supplement/Amendment" referred to in Butler's January 29, 2013 letter. According to the trial court's docket sheet, Butler's Rule 37 attorney did *not* file any supplements or amendments after January 29, 2013. *See State v. Butler*, Pulaski Co. Cir. Ct. No. CR-2007-4949 (accessed electronically).

> have held that counsel for a petitioner may not sign or verify a Rule 37.1 petition; the petitioner must sign the petition and verify it himself or herself in accordance with the rule. *Paige*, 2013 Ark. 135; *see also Wooten v. State*, 2010 Ark. 467, 370 S.W.3d 475.
>
> As appellant's petition for postconviction relief did not bear his signature accompanied by the required verification, appellant did not meet the requirements of Rule 37.1(c), and it should not have been accepted for filing. *Stewart*, 2014 Ark. 85. Appellant urges this court to find that verification of the petition was not required in his case because he was alleging ineffective assistance of counsel, and the allegations were based entirely on legal argument, not "facts." Appellant contends that, to require him to verify allegations of ineffective assistance of counsel, would be tantamount to requiring him to practice law without a license inasmuch as he would be rendering an opinion based in law.
>
> We do not agree that the petition was acceptable without verification. Appellant presents no authority for the claim, and we know of none, that there is a distinction to be made with regard to the verification requirement if a particular sort of allegation is raised in the Rule 37.1 petition. Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the trial court or appellate court must dismiss a petition that fails to comply with the requirements of Rule 37.1(c). *Slocum*, 2014 Ark. 178; *Paige*, 2013 Ark. 135. For that reason, the trial court did not err when it denied relief, and the order is affirmed.

*Butler v. State*, 2014 Ark. 380.

In reaching its decision, the Court noted that Butler's *pro se* "Supplement," filed January 17, 2013, "bore his signature and was verified." *Id.* at 1 n.1. However, because Butler was *not* "given permission to supplement the original [Rule 37] petition as required by Rule 37.2(e)" and "the original [Rule 37] petition, while timely filed, was not verified, jurisdiction of the trial court to consider a Rule 37.1 petition

in the case was never established." *Id.* (citations omitted).[8]

On September 9, 2015, Butler initiated this § 2254 habeas action. In his Petition, he argues that:

1. The trial court's denial of his pretrial motion to quash the charging information, and the Arkansas Supreme Court's affirmance of the denial, were based on an unreasonable determination of the facts in light of the evidence.

2. The trial court erred in refusing his proffered jury instruction for manslaughter, as a lesser included offense, under a theory of extreme emotional disturbance.

3. His direct-appeal attorney was ineffective for not challenging the trial court's denial of the motion to quash, or the sufficiency of the evidence.

4. His post-conviction attorney was ineffective for failing to attach to his Rule 37 petition a notarized verification from Butler.

5. His trial attorneys were ineffective for failing to present a justification defense based on theories of kidnapping, attempted kidnapping, and violation of the Federal Hate Crimes Prevention Act.

6. His trial attorneys were ineffective for failing to object to admission of the state medical examiner's amended autopsy report.

7. His trial attorneys were ineffective for failing to object when the prosecutor used leading questions to elicit facts which his attorneys knew or had good reason to believe were untrue.

8. His trial attorneys were ineffective for failing to move for a mistrial after witnesses gave conflicting testimony.

9. His trial attorneys were ineffective for failing to raise the issue of

[8]*See Williamson v. State*, 2012 Ark. 170, at 4 ("Without an original timely petition in compliance with our rules [requiring verification], the trial court had no jurisdiction to consider appellant's later-filed amended petitions [which contained an affidavit for verification, but were untimely]."); Ark. R. Crim. 37.2(c)(ii) (petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction).

"witness perjury" or "confusion of the jury" after the state's witnesses provided inconsistent statements.

10. His trial attorneys were ineffective for failing to object to the state's expert's testimony regarding whether shots were fired at the victim from close range or at a distance.

11. His trial attorneys were ineffective for failing to properly investigate the entire case.

*Doc. 1, at 1-26.*[9]

Respondent contends that all of Butler's claims are: (1) barred by the one-year statute of limitations applicable to federal habeas petitions; (2) procedurally defaulted because he failed to raise them in state court; (3) barred because they were reasonably adjudicated on the merits in the state courts; and (4) not cognizable habeas claims. *Doc. 9.*

For the reasons discussed below, the Court concludes that Butler's habeas Petition is untimely. Accordingly, all of his habeas claims should be dismissed with prejudice.[10]

## II. Discussion

[9]Butler's § 2254 Petition also raised claims of equal protection (Claim 6) and prosecutorial misconduct (Claim 8). *Doc. 1, at 15, 19.* In subsequent filings, Butler withdrew those two claims. *Doc. 13, at 10*.

[10]Because all of Butler's claims are time-barred, the Court need not address Respondent's other arguments for dismissal.

**A. Calculation of Limitations Period**

Absent statutory or equitable tolling, a state prisoner seeking to challenge his conviction in federal court must file a habeas petition within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Because a criminal defendant may appeal his state court judgment of conviction to the United States Supreme Court, such a judgment becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," *or*, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

On September 22, 2011, the Arkansas Supreme Court affirmed Butler's conviction. He elected *not* to file a petition for writ of certiorari with the United States Supreme Court. Thus, his conviction became "final" on December 21, 2011, the date the ninety-day period for seeking certiorari expired. *See* U.S. Sup. Ct. R. 13.1. From that date, Butler had one year, until December 21, 2012, to file this federal habeas action.

Butler initiated this action on September 9, 2015, almost three years *after* the expiration of the one-year statute of limitations. Thus, unless the Court determines there was statutory or equitable tolling, this § 2254 action is clearly untimely.

**1. Statutory Tolling**

The federal limitations period is statutorily tolled only if a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The Eighth Circuit has previously held that a Rule 37 petition, *which fails to satisfy the verification requirement contained in Rule 37.1(c)*, is *not* “properly filed” for tolling purposes under § 2244(d)(2). *Nelson v. Norris*, 618 F.3d 886, 891-92 (8th Cir. 2010); *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006).

Butler’s Rule 37 Petition unquestionably was timely filed and remained “pending” in the state trial and appellate courts from December 8, 2011 through September 18, 2014. However, both the trial court and the Arkansas Supreme Court clearly and unequivocally held that, because Butler did not comply with *the verification requirement* in Rule 37.1(c), his Rule 37 Petition was *not* “properly filed” and had to be dismissed on procedural grounds. Additionally, the Arkansas Supreme Court held that this filing deficiency was *not* “cured” by the notarized verification that Butler signed and attached to his *pro se* January 17, 2013 “Supplement to Rule 37.1 Petition.”

The Arkansas Supreme Court’s final resolution of this state procedural issue “is the end of the matter” for purposes of determining whether it was “properly filed” under § 2244(d)(2). *Nelson*, 618 F.3d at 892 (quoting *Pace v. DiGuglielmo*, 544 U.S.

408, 414 (2005)); *Walker*, 436 F.3d at 1030-32. Accordingly, during the time Butler's Rule 37 Petition was pending before the trial court and the Arkansas Supreme Court, there was *no statutory tolling* under § 2244(d)(2).

**2. Equitable Tolling**

A federal habeas petitioner may be entitled to equitable tolling of the one-year limitations period if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

Butler argues that he "should receive the benefit of equitable tolling based upon extraordinary circumstances." *Doc. 13, at 2*. He alleges that he "made diligent attempts to ensure his [Rule 37] post-conviction petition was properly filed," and that the failure to obtain his verification on the Rule 37 Petition was "due solely to his attorney's oversight." *Id. at 2-3*. To support this argument, Butler relies on *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005), which recognized that "egregious attorney misconduct" can constitute "extraordinary circumstances" sufficient to equitably toll the federal limitations period. *Id. at 5-7*. After carefully considering *Martin*, the Court concludes that Butler's reliance on that case is misplaced and that his argument, as a matter of law, is without merit.

First, Butler has not demonstrated that he pursued his rights diligently. On

September 22, 2011, the Arkansas Supreme Court affirmed his conviction. Approximately three months later, Butler initiated his Rule 37 proceeding in Pulaski County Circuit Court. Butler then waited *over a year* before filing his *pro se* "Supplement" on January 17, 2013. During that period of inactivity, the December 21, 2012 deadline for filing his § 2254 habeas action passed, without Butler taking any steps to preserve his federal habeas claims. Moreover, after the Arkansas Supreme Court affirmed the denial of Rule 37 relief in September 2014, Butler waited *another year* before initiating this federal habeas action.

As the Eighth Circuit recently emphasized, "[t]he first question is whether [a federal habeas petitioner] has shown reasonable diligence to equitably toll the *federal timing rules* for filing his *federal habeas petition* – not his Rule 37 petition." *Gordon v. State of Arkansas*, No. 15-1168, 2016 WL 3027276, at *5 (8th Cir. May 26, 2016). Butler's actions do *not* demonstrate reasonable diligence. *See Nelson*, 618 F.3d at 893 (no diligence where petitioner did not file his federal habeas petition until nine months after the Arkansas Supreme Court denied rehearing in his Rule 37 proceeding).

In *Pace*, 544 U.S. at 416, the Court expressly addressed how prisoners can avoid sometimes spending years exhausting state remedies, only to discover that federal habeas relief is time-barred because their state post-conviction petitions were

never "properly filed" under § 2244(d)(2): "A prisoner seeking state post-conviction relief might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."[11] Ultimately, the Court in *Pace* concluded that the petitioner's failure to pursue his rights diligently, by waiting five months after his state post-conviction proceedings became final before seeking federal habeas relief, prevented him from receiving any equitable tolling.

Here, during the thirty-three months that Butler's fatally flawed Rule 37 Petition was pending in state court, he did *nothing* to protectively file a timely federal habeas petition raising the claims he is now belatedly attempting to assert. Furthermore, Butler gives no explanation for why he waited one year, *after* the Arkansas Supreme Court dismissed his Rule 37 Petition on procedural grounds, before he initiated this § 2254 habeas action.

Second, Butler has not demonstrated the kind of "extraordinary circumstances" recognized by the Court in *Holland*. Similarly, the actions and inactions of Butler's attorney in his Rule 37 proceeding do not approach the kind of "egregious attorney

---

[11] *See also Gordon*, *supra* at *5 & n.4 (citing *Pace* and rejecting the petitioner's argument that equitable tolling should apply to the entire time that he was attempting to exhaust his state-court remedies); *Runyan v. Burt*, 521 F.3d 942, 945-46 & n.4 (8th Cir. 2008) (no equitable tolling where petitioner's state post-conviction applications were not properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker*, 436 F.3d at 1030-31 (same; citing *Pace*).

misconduct" that supported the Court's decision in *Martin*.[12] Butler's attorney: timely filed the Rule 37 Petition and a Motion to Amend; provided copies of those filings to Butler; "visited" with Butler's father about alleged "errors" and concerns; and wrote letters to Butler explaining the basis for the claims she had raised. Although Butler characterizes his attorney's correspondence as "minimal" and "meaningless," she did respond and attempt to correct certain errors in his Rule 37 papers.

Significantly, in the months after Butler's Rule 37 attorney filed the Rule 37 Petition, neither Butler nor his father raised the issue of Butler's failure to sign and submit the verified affidavit that is required to accompany every Rule 37 petition. *See* Ark. R. Crim. P. 37.1(c). Butler characterizes this omission as "an oversight" by his attorney. Accepting that characterization to be true and correct, the Court in *Martin* made it clear that an attorney's "negligence or mistake" is *not* an extraordinary circumstance that warrants equitable tolling. *Martin*, 408 F.3d at 1093. While Butler's attorney clearly appears to have been negligent in failing to have Butler sign the notarized verification *required* by Rule 37.1(c), this mistake fell well short of the egregious attorney misconduct described in *Martin*.

---

[12]In *Martin*, the petitioner's attorney: repeatedly lied to the petitioner and his family about the federal habeas filing deadline and the status of the habeas case; lied to the petitioner's wife by telling her the habeas petition had been filed; refused to communicate with the petitioner or his family, respond to approximately 40 telephone calls, or attend two appointments; neglected to file any documents on the petitioner's behalf; and failed to return any of the petitioner's paperwork to him despite repeated demands. *Martin*, 408 F.3d at 1094-95.

Accordingly, Butler is not entitled to any equitable tolling under *Holland* and its progeny.

**B. Actual Innocence**

Finally, Butler argues that his untimeliness should be excused due to his "actual innocence." *Doc. 13, at 2, 8-9*. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations. The Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-53 (8th Cir. 2011). The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits

of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

Butler has come forward with *no new evidence of innocence*. Rather, he argues only that "he is actually innocent of the crime for which he was convicted, based upon a theory of self-defense." *Doc. 13, at 8-9*. Because this is insufficient to meet the demanding actual-innocence standard, Butler is *not* entitled to invoke that legal theory to overcome the expiration of the statute of limitations.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 1*, be DENIED and this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 10th DAY OF June, 2016.

UNITED STATES MAGISTRATE JUDGE